## Frohock *against* Gustine.

The death of a plaintiff in an action of partition, after judgment *quod partitio fiat*, does not abate the writ; but though the writ does not abate, the surviving plaintiff cannot have execution on his judgment, but must take out a *scire facias*, to show cause why a *writ de partitione facienda* should not issue.

ERROR to the common pleas of *Cumberland* county.

Alexander Frohock, John Kelly and Elizabeth, his wife, against James Gustine and others. This was an action of *partition* brought to April term 1808, for a tract of land adjoining the bo-

[Frohock v. Gustine.]

rough of Carlisle, containing 520 acres. The writ and declaration were in common form, and contained an accurate description of the land. January term 1809, judgment was rendered for the plaintiffs. To November term 1809, a writ *de partitione facienda* and *fieri facias*, for costs was issued, but it had no return upon it. To April term 1810, an *alias writ de partitione facienda* was issued, and returned executed by a partition of the land into two parts, which were represented by a draft returned annexed to the inquisition—all parties were present at its execution. On the 5th of April 1810, on motion and reasons filed, the court quashed the writ and inquisition. To August term 1810, a *pluries writ de facienda* was issued, and it was returned that the jury could not agree. To August term 1811, a second *pluries writ de partitione facienda* was issued, which was also returned that the jury could not agree. To August term 1816, a third *pluries writ de partitione facienda* was issued, but did not appear to have been put into the hands of the sheriff. It was found among the papers of the late Judge Duncan. On the 13th of June 1832, the death of Alexander Frohock was suggested, and Thomas A. Frohock, Mary M. Frohock, and others by their guardian, Alexander Long, were substituted, and the death of John Kelly was also suggested. On the 23d of January 1836, a motion was made for a rule to show cause why a fourth *pluries writ de partitione facienda* should not be issued; notice to be served on all the *terre-tenants* by the sheriff. This was returned served on all the tenants.

Upon the return of this rule, *Alexander* and *Lyon* appeared for the defendants, and contended that the suit abated by the death of the plaintiffs. That there were some of the original defendants dead, and others upon whom the rule was not served. And they read certain depositions to show that the land had been conveyed to different persons since the commencement of the action.

The court below discharged this rule, on the ground of the lapse of time, change of owners, and because the action abated by the death of the plaintiff.

The plaintiff then issued a fourth *writ de partitione facienda*, which the court set aside for the same reasons, and then this writ of error was sued out.

*Williamson* and *Biddle*, with whom was *Watts*, for plaintiff in error. The plaintiffs were joint tenants, and the right, and consequently the remedy, survived. It requires restrictive words to make a title to two, other than a joint tenancy. 2 *Blac. Comm.* 180. 4 *Kent's Comm.* 357. The act of the 7th of April 1807 provides, that no plea in abatement shall be received in any action of partition. And that the death of the plaintiff shall not abate the suit. *Purd. Dig.* 685. 2 *Bin.* 1. This act of Assembly is taken from the statute of 8 and 9 W. 3, c. 31. For a construction of which on this point, see 3 *Blac. Comm.* 302.

[Frohock v. Gustine.]

Pleas to the disability of the plaintiff, show that he is incapable of commencing or continuing his suit. In the case of several plaintiffs, the death of one does not abate the action. 1 *Chit. Plead.* 318. One inquisition in partition shall be good, although all persons in interest be not made parties. *Purd. Dig.* 684. Act of the 7th of April 1807, sect. 1.

*Lis pendens* is a conclusive argument in answer to the lapse of time, and the interests of subsequent purchasers. He who purchases during the pendency of a suit, is bound by the decree that may be made against the person from whom he derives title. 1 *Story's Eq.* 393. Hence the maxim *"pendente lite nihil innovetur."* No matter of fact occurring after suit brought, can be given in evidence; for the same reason, lapse of time shall not affect the right after suit brought. Lapse of time operates upon the presumption of payment, but no presumption of partition can arise, because it can only be in writing if amicable, or by record if through an action of partition.

*Alexander* for defendants in error, on the subject of lapse of time, cited 5 *Com. Dig.* 167; 1 *Watts* 321; 6 *Wils. Bac. Ab.* 107; 2 *Sel. Prac.* 189; 5 *Com. Dig.* 783; 3 *Bin.* 174; 1 *Peters's Rep.* 140; 3 *Penn. Rep.* 115—134; 16 *Vin. Ab.* 225, sect. 2; 13 *Johns.* 229; 2 *Mass.* 480.

The opinion of the Court was delivered by

SERGEANT, J.—We think that the action of partition in this case did not abate by the death of two of the plaintiffs after judgment *quod partitio fiat.* It is expressly enacted by the act of the 7th of April 1807, sect. 4, which is like the English statute of 8 and 9 W. 3, c. 31, that no plea in abatement shall be admitted or received in any suit for partition. Strictly speaking, it was by plea in abatement that the defendant formerly took advantage of the death of a plaintiff. It would seem that the death of a plaintiff after the first judgment, and before the second judgment, would not, even before the statute 8 and 9 W. 3, have abated the writ. 1 *Brownl. & Gold.* 157. But though the writ did not abate, the surviving plaintiff could not, after the death of the other plaintiffs, issue execution, but ought to have taken out a *scire facias* to show cause why a writ *de partitione facienda* should not issue; for it is a general rule, that if, after judgment, but before execution, either the plaintiff or defendant die, judgment must be revived by *scire facias*, by or against the representatives of the deceased, before any execution can issue; 2 *Sell. Prac.* 189; and in real actions, a *scire facias* lay at common law. 2 *Inst.* 409; 6 *Bac. Ab.* 105, 113; 2 *Sell. Prac.* 188. The whole doctrine is thus stated in 1 *Brownl. & Gold.* 157, above referred to. In this action there are two judgments. The first is that partition shall be made; and if the plaintiff die after the first judgment, and before the second judgment, the writ shall not abate, but his heir shall have a *scire facias* against the defendants to show cause why par-

tition should not be made.    The judgment of the court is therefore affirmed, so far as it set aside the pluries writ *de partitione facienda*, but reversed so far as it adjudged the abatement of the suit by the death of two of the plaintiffs, and the cause must be remitted to the court below, for such further proceedings thereon as may be legally adopted by the parties.

Record remitted.